**FILED**
JAN 1 9 2006 NF
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES J. MACCHITELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: **06C 0295** |
| vs. ) | |
| ) | |
| KOVITZ, SHIFRIN & NESBIT, P.C., ) | Judge: **JUDGE KENNELLY** |
| ) | |
| Defendant. ) | Magistrate: **MAGISTRATE JUDGE MASON** |

### COMPLAINT

Plaintiffs, JAMES J. MACCHITELLI, by and through his attorneys, Nicholas D. LaPonte & ASSOCIATES, brings this action against Defendant, KOVITZ, SHIFRIN & NESBIT, P.C., as he seeks redress against unlawful debt collection practices engaged by the Defendant under the *"Fair Debt Collection Practices Act,"* 15 USC §1692 et seq., and therefore allege as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this court is invoked by the *"Fair Debt Collection Practices Act,"* 15 USC §1692 et seq., and 28 USC §1331.

2. Venue is proper because the Plaintiff's reside in the City of Chicago, Northern District of Illinois, and the Defendant's collection letters were addressed to and received within the Northern District of Illinois.

3. Plaintiff, JAMES J. MACCHITELLI, is a citizen of the State of Illinois and resides in the City of Rolling Meadows, Illinois and thus the Northern District of Illinois.

4. Defendant, KOVITZ, SHIFRIN & NESBIT, P.C., is a professional corporation and a law firm that acts as a debt collector as defined by 15 USC §1692(a) of the *Fair Debt Collection Practices Act* because it uses the United States mail regularly in its business in attempting to collect debts.

## FACTUAL ALLEGATIONS

5. Defendant, KOVITZ, SHIFRIN & NESBIT, P.C., mailed to Plaintiff various collection letters that were attempts to collect monthly assessment fees and attorney's fees that have been acknowledged as consumer debts by this court. See, *Newman v. Boehm* (7th Cir. 1997) 119 F.3d 477.

6. The collection letter at issue that was mailed by Defendant to Plaintiff was dated August 2, 2005, and is attached and marked Plaintiff's Exhibit "1."

7. The Defendant's August 2, 2005, collection letter alleges that $2,359.45 is due and demands payment in full on or before August 9, 2005, and further attaches an itemization with a starting balance of $3,243.83 and then lists various monthly assessment plus late fees for each assessment plus a $82.50 attorneys' fee.

8. First and foremost, Plaintiffs direct attention to a $3,243.83 alleged beginning balance. Said amount is not an assessment amount and is mis-characterized by Defendant. Its is believed that said charge is an unlawful charge by the association and Defendant against Plaintiff in an attempt to harass Plaintiff and seek payment of a fee that Plaintiff is not responsible to pay. Defendant's intentionally mis-characterized the debt and collected a wrongful charge to harass Plaintiff and thus a clear violation of the *Fair Debt Collection Practices Act*.

9. In addition, Defendant's collection letter mailed to Plaintiffs August 2, 2005, is signed by an attorney, Ronald J. Kapustka and goes on the further mislead the Plaintiff and provide unlawful legal advice and unlawfully concludes and affirms that if payment is not received by August 9, 2005, legal proceedings shall be instituted to collect this debt and further exclaims that the Plaintiff will be responsible for all legal fees and costs in such legal action.

10. Further, Plaintiff directs attention to the $3,243.83 beginning amount. Said amount is not an assessment amount and is mis-characterized by Defendant. Its is believed that

said charge is an unlawful charge by the association against Plaintiff for an amount of attorney's fees in excess of the amount awarded to the Association by the Circuit Court of Cook County, Illinois in case number 99 M1 724557 and paid by Plaintiff.

11. Defendant intentionally mis-characterized the unlawful attorney's fee debt as a beginning balance and is attempting to collect another unlawful charge to harass Plaintiffs and thus is a clear violation of the *Fair Debt Collection Practices Act*.

12. In 1977, Congress enacted the *Fair Debt Collection Practices Act* as an attempt to eliminate abusive debt collection practices by debt collectors and to ensure that those debt collectors who refrain from abusive collection practices are not competitively disadvantaged and to promote consistent action to protect consumers against debt collector abuse.

13. Thus, when this court interprets the statements in Defendant's collection letters under the "unsophisticated consumer" standard, clearly, the Defendant has violated the *Fair Debt Collection Practices Act*, repeatedly.

## COUNT I
## VIOLATION OF 15 USC §1692e
## PROVIDING MISLEADING INFORMATION

14. Plaintiffs adopt and re-allege ¶¶ 1-13.

15. 15 USC §1692e prohibits false, deceptive or misleading representations in an attempt to collect a debt and lists violations which prohibit false representations of the character of the debt and a false or misleading amount of the debt.

16. Defendant's statements contained in its collection letter are false and misleading. Further, Defendant's statements regarding filing a lawsuit and Plaintiff will be responsible for Defendant's attorneys' fees and costs are improper since they are extremely misleading and unfair since the statements impute and suggest to Plaintiffs that defense is futile.

17. Defendant's statements in its collection letter are false and written on law firm stationary by an attorney and signed by an attorney who unlawfully provides misleading and untrue legal conclusions all in violation of the *Fair Debt Collection Practices Act*.

18. Defendant's violations of 15 USC §1692e render it liable for actual damages, statutory damages, costs and reasonable attorney's fees. See, 15 USC §1692k.

## COUNT II
## VIOLATION OF 15 USC §1692e
## PROVIDING MISLEADING INFORMATION

19. Plaintiffs adopt and re-allege ¶¶ 1-13.

20. 15 USC §1692f prohibits unfair or unconscionable means to collect or attempt to collect a debt.

21. Defendant's statements contained in its collection letter are unfair and its attempt to frighten the Plaintiff by alleging that the Plaintiff will be responsible for attorneys' fees and costs while trying to collect improper amounts of debts is unfair and unconscionable.

22. And by allowing an attorney to write a collection letter and to sign the collection letter after providing misleading legal conclusions, Defendant has more than violated the *Fair Debt Collection Practices Act* in that it is believed that its conduct has violated the Rules of Professional Conduct that are followed by the State of Illinois.

23. Defendant's statements in its collection letter are a violation of 15 USC §1692f and render it liable for actual damages, statutory damages, costs and reasonable attorney's fees. See, 15 USC §1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JAMES J. MACCHITELLI, prays that this court declare that Defendant's collection letter violated the *Fair Debt Collection Practices Act* and thus enter judgment in favor of each Plaintiff, individually, and against the Defendant, KOVITZ, SHIFRIN & NESBIT, P.C., for:

    A.    Actual damages;

    B.    Statutory damages for Plaintiff;

    C.    Reasonable attorney's fees, litigation expenses and the costs of this suit; and

    D.    Such other relief as this court deems proper.

Respectfully submitted,

Nicholas D. LaPonte
Attorney at Law

Nicholas D. LaPonte
Attorney for Plaintiff
7247 West Touhy Avenue
Chicago, Illinois 60631
Telephone (773) 631-1500
Facsimile (773) 631-1508

## JURY DEMAND

Plaintiffs demand trial by jury.

Respectfully submitted,

Nicholas D. LaPonte
Attorney at Law

Nicholas D. LaPonte
Attorney for Plaintiff
7247 West Touhy Avenue
Chicago, Illinois 60631
Telephone (773) 631-1500
Facsimile (773) 631-1508

LAW OFFICES OF

# KOVITZ SHIFRIN NESBIT

*A Professional Corporation*

750 Lake Cook Road, Suite 350
Buffalo Grove, Illinois 60089-2073
TEL: 847. 537. 0983
FAX: 847. 537. 9311
E-MAIL: mail@ksnmail.com
WEB: www.ksnlaw.net

August 2, 2005

Mr. James Macchitelli
5465 Mayflower Court
Rolling Meadows, IL 60008

**NOTICE OF INTENTION
TO COLLECT A DEBT**
**Pursuant to Fair Debt Collection
Practices Act - 15 USC 1692 *et seq.***

Re:     **Elizabeth Place Association**

Dear Mr. Macchitelli:

We have been retained by the Elizabeth Place Association to collect from you the entire balance, which as of August 2, 2005 was $2,359.45, that you owe the Elizabeth Place Association.

If you want to resolve this matter without a lawsuit, you must, by August 9, 2005, either pay our office for the debt owed to the Elizabeth Place Association of $2,359.45, or call us and work out arrangements for payment. If you do neither of these things by August 9, 2005, I will be entitled to initiate legal proceedings against you, for the collection of this debt.

Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it by notifying me in writing to that effect I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, I will furnish you with that information too.

The law does not require me to wait until the end of the thirty-day period before proceeding to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this letter, the law requires me to suspend my efforts (through litigation or otherwise) to collect the debt until I mail the requested information to you. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Pursuant to the Declaration of and/or rules and regulations for the Association, you will also be responsible for the payment of all late charges and legal fees and costs incurred by the Association.

Kindly submit payment in full or advise us of your intentions or questions. Please remit all payments to our Buffalo Grove office, payable to the Association. Payments can either be mailed or accepted at our office between the hours, 9 a.m. to 5 p.m., Monday through Friday.

**THIS DOCUMENT IS AN ATTEMPT
TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE.**

Sincerely,

Ronald J. Kapustka

RJK/ccs
cc:     Board of Directors

If you need to contact this office to discuss this matter, you may email Katie at ktrelford@ksnlaw.com or call 847.537.0983, extension #2.

Plaintiff's

Exhibit "A"

322323/1

**Resident Transaction Report**
**ELIZABETH PLACE CONDO**
Start Date: 06/01/2004

Loc ID#: 13-1050  ELIZ PLACE Mayflower
ROLLING MEADOWS, IL 60008

| Resident | | Type | Date | CC Description | Check No. | Amount | |
|---|---|---|---|---|---|---|---|
| 5465 | 2 | | | | | | |
| James MACCHITELLI | | | | | Beg Balance | | 3,243.83 |
| 5465 MAYFLOWER COURT | | Chg | 06/01/2004 | AS Monthly Assesment | | 113.98 | 3,357.81 |
| ROLLING MEADOWS IL 60008 | | Chg | 06/20/2004 | lc Late Charge | | 15.00 | 3,372.81 |
| | | Chg | 06/23/2004 | le legal ksn#293454 | | 135.00 | 3,507.81 |
| | | Chg | 07/01/2004 | AS Monthly Assesment | | 113.98 | 3,621.79 |
| | | Chg | 07/20/2004 | lc Late Charge | | 15.00 | 3,636.79 |
| | | Chg | 07/21/2004 | le legal ksn#297032 | | 87.50 | 3,724.29 |
| | | Chg | 07/28/2004 | le legal ksn#297482 | | 60.00 | 3,784.29 |
| | | Chg | 08/01/2004 | AS Monthly Assesment | | 113.98 | 3,898.27 |
| | | Pay | 08/03/2004 | CASH PAYMENT | 1524 | -113.98 | 3,784.29 |
| | | Chg | 09/01/2004 | AS Monthly Assesment | | 113.98 | 3,898.27 |
| | | Pay | 09/13/2004 | CASH PAYMENT | 1550 | -128.98 | 3,769.29 |
| | | Pay | 09/13/2004 | CASH PAYMENT | 1552 | -1,634.86 | 2,134.43 |
| | | Pay | 09/13/2004 | CASH PAYMENT | 1551 | -113.98 | 2,020.45 |
| | | Chg | 10/01/2004 | AS Monthly Assesment | | 113.98 | 2,134.43 |
| | | Pay | 10/04/2004 | Lckbx Pmt | 00001564 | -113.98 | 2,020.45 |
| | | Pay | 10/04/2004 | Lckbx Pmt | 00001564 | -113.98 | 1,906.47 |
| | | Pay | 10/04/2004 | Lckbx Pmt | 00001564 | -113.98 | 1,792.49 |
| | | Chg | 11/01/2004 | AS Monthly Assesment | | 113.98 | 1,906.47 |
| | | Chg | 11/20/2004 | lc Late Charge | | 15.00 | 1,921.47 |
| | | Chg | 12/01/2004 | AS Monthly Assesment | | 113.98 | 2,035.45 |
| | | Chg | 12/20/2004 | lc Late Charge | | 15.00 | 2,050.45 |
| | | Chg | 01/01/2005 | AS Monthly Assesment | | 121.40 | 2,171.85 |
| | | Pay | 01/13/2005 | Lckbx Pmt | 00001622 | -121.40 | 2,050.45 |
| | | Chg | 02/01/2005 | AS Monthly Assesment | | 121.40 | 2,171.85 |
| | | Chg | 02/22/2005 | lc Late Charge | | 15.00 | 2,186.85 |
| | | Chg | 02/25/2005 | LE KSN 318268 | | 201.50 | 2,388.35 |
| | | Chg | 03/01/2005 | AS Monthly Assesment | | 121.40 | 2,509.75 |
| | | Pay | 03/07/2005 | Lckbx Pmt | 00001642 | -136.40 | 2,373.35 |
| | | Chg | 04/01/2005 | AS Monthly Assesment | | 121.40 | 2,494.75 |
| | | Chg | 04/20/2005 | lc Late Charge | | 15.00 | 2,509.75 |
| | | Chg | 05/01/2005 | AS Monthly Assesment | | 121.40 | 2,631.15 |
| | | Pay | 05/20/2005 | Lckbx Pmt | 00001678 | -136.40 | 2,494.75 |
| | | Pay | 05/20/2005 | Lckbx Pmt | 00001666 | -136.40 | 2,358.35 |
| | | Pay | 05/20/2005 | Lckbx Pmt | 00001677 | -136.40 | 2,221.95 |
| | | Chg | 06/01/2005 | AS Monthly Assesment | | 121.40 | 2,343.35 |
| | | Pay | 06/16/2005 | Lckbx Pmt | 00001688 | -121.40 | 2,221.95 |
| | | Chg | 07/01/2005 | AS Monthly Assesment | | 121.40 | 2,343.35 |
| | | Pay | 07/18/2005 | Lckbx Pmt | 00001718 | -121.40 | 2,221.95 |
| | | Chg | 07/26/2005 | AF PSI Admin Fee | | 50.00 | 2,271.95 |
| | | | | | Res Balance | | 2,271.95 |

x87.50  *[handwritten signature]*